IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>) <br>v. )<br>)<br>SOCI PETROLEUM/SANTMYER OIL COMPANY, INC., )<br>)<br>Defendant. ) | COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

The U.S. Equal Employment Opportunity Commission ("the Commission" or "EEOC") brings this action against SOCI Petroleum/Santmyer Oil Company, Inc. ("Defendant" or "SOCI") under the Equal Pay Act of 1963 ("EPA") to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and to collect back wages due to Charging Party, Lori Bowersock, as a result of such unlawful payments and under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Party. As alleged with greater particularity below, the EEOC alleges that Defendant unlawfully discriminated against Charging Party by paying her lower compensation than Defendant paid to a male predecessor for performing substantially equal work.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705, 29 U.S.C. §§ 215(a)(3), 216(c) and 217, as well as pursuant to Sections 706(f)(1) and (3) of Title VII, as amended, 42 U.S.C. §§ 2000e-3(a), and 2000e-5(f)(1), (3). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Ohio.

## PARTIES

3. EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of the Equal Pay Act and Title VII, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; and by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has been incorporated in Ohio and doing business in the State of Ohio and the City of Wooster, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) and has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. § 203(r), (s), in that it has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## ADMINISTRATIVE PROCEDURES

8. More than 30 days prior to the institution of this lawsuit, Charging Party filed a charge with the Commission alleging violations of Title VII and the EPA by Defendant.

9. On August 25, 2015 the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII and the EPA were violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and to provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On September 23, 2015 the Commission issued to Defendant a Notice of Failure of Conciliation.

13. All conditions precedent to the initiation of this lawsuit have been fulfilled.

3

## STATEMENT OF EPA CLAIMS

14. Since at least July 2009 and continuing through Charging Party's resignation in May 2014, Defendant has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying Charging Party lower compensation than Defendant paid to a male predecessor to perform substantially equal work.

15. In February of 2006, Defendant hired John Parker to work at its facility in Wooster, Ohio. Parker performed human resources management work.

16. In April 2006, Defendant hired Charging Party to perform human resources work.

17. Charging Party worked with Parker at the Wooster facility from 2006 to 2009 and performed a variety of human resources functions.

18. Parker's employment with Defendant ended in July 2009.

19. After Parker's employment with Defendant ended, Charging Party performed the human resources management work that Parker had performed during his employment with Defendant.

20. The human resources management work that Charging Party performed included, but was not limited to, responsibility for: personnel file management; completion and maintenance of personnel-related paperwork and files; employee use of work time and leave; payroll; benefits entitlement and administration; program compliance; and other human resources management functions.

21. After Parker's employment ended, Defendant, by and through its executives and management personnel, identified Charging Party as the company's human resources manager and as the person responsible for performing human resources management work.

22. Defendant paid Charging Party lower compensation than the company paid to Parker to perform substantially equal work.

4

23. Defendant provided Parker with transportation benefits by making payments owed on Parker's car and providing Parker with a company credit card that he was permitted to use to pay for fuel expenses.

24. Defendant did not provide Charging Party with transportation benefits, including those provided to Parker.

25. As a result of the acts complained of in paragraphs 14 through 24, Defendant unlawfully has withheld the payment of wages and benefits due to Charging Party who received lower compensation than a predecessor male employee for performing substantially equal work.

26. The unlawful practices complained of in paragraphs 14 through 25 were willful.

## STATEMENT OF TITLE VII CLAIMS

27. Since at least July 2009 and continuing through Charging Party's resignation in May 2014, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).

28. Defendant has unlawfully discriminated against Charging Party by engaging in unlawful compensation discrimination, as set forth in paragraphs 14 through 25.

29. Additionally (and in the alternative to establishing a Title VII violation by proving a violation of the EPA), the Commission asserts that Defendant's alleged non-discriminatory reason for the pay disparity is a pretext for sex discrimination. Further, Defendant has engaged in conduct which evidences bias against females because of sex, including but not limited to using and/or permitting the use of derogatory sex-based remarks to refer to females and devaluing the accomplishments and capacity of female employees, as compared to that of males.

30. The effect of the practices complained of has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

31. The unlawful employment practices complained of in paragraphs 14 through 25 and 28-29 above were intentional.

32. The unlawful employment practices complained of in paragraphs 14 through 25 and 28-29 above were done with malice and/or reckless indifference to the federally protected rights of Charging Party.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against females with respect to their compensation and from paying female employees lower compensation than their male comparators for performing equal work;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and that eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to pay appropriate back wages and lost benefits in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest resulting from Defendant's unlawful payment of lower compensation to Charging Party than compensation paid to a male predecessor to perform substantially equal work;

D. Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

E. Order Defendant to make whole Charging Party by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above,

including pain and suffering, emotional distress, indignity, inconvenience, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial;

    F.    Order Defendant to pay Charging Party punitive damages for its malicious and reckless conduct, in an amount to be determined at trial;

    G.    Grant such further relief as the Court deems necessary and proper in the public interest; and

    H.    Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
DEBRA M. LAWRENCE
Regional Attorney
Philadelphia District Office

_____
KATE NORTHRUP
Supervisory Trial Attorney

/s/
JEFFREY A. STERN
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Cleveland Field Office
1240 East Ninth Street, Suite 3001
Cleveland, OH 44199
(216) 522-7458 (phone)
(216) 522-7430 (fax)
jeffrey.stern@eeoc.gov